**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| CHRIS BROUGHTON, JR., | ) | |
| Petitioner, | ) | |
| v. | ) | 1:11CR96-1 |
| | ) | 1:13CV739 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On April 2, 2012, this Court (per then-Chief United States District Judge James A. Beaty, Jr.) entered judgment against Petitioner imposing, inter alia, a term of imprisonment, as a result of his guilty plea to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 24; see also Docket Entries dated Oct. 3, 2011, and Mar. 20, 2012 (documenting plea and sentencing hearings.)[1] Petitioner did not appeal. (Docket Entry 30, ¶ 8.) On June 19, 2013, the Court docketed a filing dated June 14, 2013, from (but not signed by) Petitioner, which the Court treated as a procedurally-defective motion under 28 U.S.C. § 2255. (Docket Entry 25.) The Court promptly sent Petitioner the proper form for such a motion. (See Docket Entries 27, 28.) On August 21, 2013, Petitioner submitted to prison officials for mailing a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"),

[1] Parenthetical citations refer to Petitioner's criminal case.

which the Court docketed on August 23, 2013. (Docket Entry 30.) The United States moved for dismissal based, inter alia, on untimeliness. (Docket Entry 34.) Despite notice of his right to respond (Docket Entry 35), Petitioner did not file a response (see Docket Entries dated Jan. 30, 2014, to present). The Court should dismiss Petitioner's Section 2255 Motion as untimely.

Petitioner's Section 2255 Motion asserts that a lawyer who represented Petitioner in a related state court case gave him incorrect advice about the prospect of a subsequent federal charge. (Docket Entry 30, ¶ 12(Ground One)(a).) "A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period for filing his Section 2255 Motion commenced on or about April 16, 2012, "upon the expiration of the fourteen-day period for filing a direct appeal" after entry of Judgment on April 2, 2012. United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)); see also United States v. Plascencia, 537 F.3d 385, 387 (5th Cir. 2008) ("[The petitioner's] conviction became final when the time expired to file a timely notice of appeal on direct review . . . ."); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (same); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (same); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (same); Peoples v. United States, Civ. No. L-10-212, Crim. No. L-04-0423, 2010 WL 1375143, at *1 (D. Md. Mar. 31, 2010) (unpublished) (same), appeal dismissed, 512 F. App'x 376 (4th Cir. 2013); Teal v. United States, Civ. No. 4:12-2391-TLW, Crim. No. 4:09-950, 2013 WL 4776723, at *3 (D.S.C. Sept. 4, 2013) (unpublished) (same); Ervin v. United States, Nos. 1:11CV233, 1:08CR128-7, 2011 WL 5075651, at *3 (W.D.N.C. Oct. 25, 2011) (unpublished) (same). That one-year period expired on or about April 16, 2013, nearly two months before Petitioner submitted his first procedurally-defective motion and more than four months before he submitted his Section 2255 Motion.

Under the heading "Timeliness of Motion," Petitioner's Section 2255 Motion offers as reasons why, despite the fact that his "conviction became final over one year [before he submitted his Section 2255 Motion or its procedurally-defective predecessor], . . . the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar [his] [Section 2255] [M]otion" (Docket Entry 30, ¶ 18):

> My limited knowledge about the laws and procedures in the Federal Courts prohibited me from knowing anything about the statute of limitations. Also I have no access to any type of Federal law books that would explain these limitations. . . . I had no knowledge of the existence of a 2255 form. Also when it was brought to my attention that I could file a motion on the grounds that my state appointed attorney misled me into signing a plea agreement with the state, did I proceed to file a motion with the Federal Courts.

(Id.)

On their face, the foregoing contentions could not support a request for delayed accrual of the limitations period under the plain language of Paragraph (3) of Subsection 2255(f). To the extent Petitioner contends Paragraph (4) of Subsection 2255(f) should apply and that his one-year filing period should run from the date he first recognized he could raise the claim he ultimately presented in his Section 2255 Motion, that argument fails. See Bruton v. United States, Nos. 1:12-cv-123-MR, 1:09-cr-13-MR-3, 2013 WL 2632604, at *3 (W.D.N.C. June 12, 2013) (unpublished) ("'Facts' as used in § 2255(f)(4), however, refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its

legal significance.”) (citing United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005)). Similarly, if construed as a request for delayed accrual under Paragraph (2) of Subsection 2255(f), Petitioner’s complaint about lack of access to materials explaining Subsection 2255(f) falls short because he has not alleged that he lacked access to the text of Subsection 2255(f) or that he made any effort to obtain additional information about Subsection 2255(f). See United States v. Tharp, Nos. 5:07CR00063, 5:11CV80335, 2011 WL 2607166, at *2 (W.D. Va. June 30, 2011) (ruling Paragraph (2) of Subsection 2255(f) inapplicable where the petitioner “does not allege facts indicating that she ever attempted to research federal habeas issues at the [prison] law library or that she asked officials there for access to federal legal materials”); United States v. Ochoa-Molina, Crim. No. C-06-692, Civ. Action No. C-08-306, 2009 WL 700098, at *4 (S.D. Tex. Mar. 16, 2009) (unpublished) (refusing to apply Paragraph (2) of Subsection 2255(f) where the petitioner “ha[d] not alleged that he did not have access to a copy of 28 U.S.C. § 2255”); see also Martinez-Fuentez v. United States, No. 1:10CV357, 2013 WL 4778508, at *2 n.4 (E.D. Tex. Sept. 4, 2013) (unpublished) (“[G]eneralized statements of alleged limited access to legal materials at the prison facility are insufficient to raise an issue of a government-created impediment [under Paragraph (2) of Subsection 2255(f)].”).

Nor does any delay in Petitioner's recognition of his right to present that claim or of the existence of a statute of limitations warrant equitable tolling of the deadline calculated pursuant to Paragraph (1) of Subsection 2255(f). See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[I]gnorance of the law is not a basis for equitable tolling."). Finally, Petitioner's unawareness of forms for filing motions under Section 2255 does not warrant equitable tolling because Petitioner filed his procedurally-defective motion without any such form (albeit after the applicable deadline) and has not explained why he could not have taken that same action within one year of his conviction becoming final. See id. ("[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." (internal quotation marks omitted)); see also United States v. Santos-Savera, 47 F. App'x 915, 916 (10th Cir. 2002) (finding no basis for issuance of certificate of appealability as to district court's refusal to grant equitable tolling to a petitioner who complained about lack of forms for filing motions under Section 2255 where said petitioner "fail[ed] to allege that the government was required to provide specific legal resources to him, or that he attempted in any way to gain access to such resources").

In sum, Petitioner's Section 2255 Motion is untimely.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 34) be granted and that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 30) be dismissed without issuance of a certificate of appealability.

/s/ L. Patrick Auld

**L. Patrick Auld**
**United States Magistrate Judge**

January 15, 2015